[relates to Docket Entry 17]

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| CONRAD FOREMAN, | |
| Petitioner, | Civil No. 03-4178 (JBS) |
| v. | |
| JONATHAN MINER, Warden, | **O P I N I O N** |
| Respondent. | |

**APPEARANCES:**

Conrad Foreman, Pro Se
Highgate, PO, St. Mary
Jamaica, WI

Louis H. Bizzarri, Esq.
Asst. U.S. Attorney
Camden Federal Building
and U.S. Courthouse
401 Market Street, 4th Floor
Camden, NJ 08101

**SIMANDLE**, District Judge

This matter is before the Court on Petitioner's Motion to Reopen his deportation case (docket entry 17). This Court construes the motion as a Motion for Reconsideration of the Court's Order of April 14, 2004, in which the Honorable Freda L. Wolfson denied Petitioner's habeas corpus petition.[1] The

---

[1] The District Court was not the Court of jurisdiction for Petitioner's deportation case. Thus, this would not be the proper jurisdiction to reopen Petitioner's deportation case, especially in light of the Real ID Act. See 8 U.S.C. § 1252(a)(5)(stating "Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of title 28, United States Code, or any other habeas corpus provision . . . . a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or

respondent has not opposed the motion.  Having considered the motions pursuant to Fed. R. Civ. P. 78, the Court will deny the motion for reconsideration.

## BACKGROUND

The facts of this case were detailed in the thorough Opinion of Judge Wolfson, filed on April 14, 2004 (docket entry 16) and will not be repeated here.  Suffice it to say, however, Petitioner filed a petition for a writ of habeas corpus in this District Court challenging a detainer placed on him by immigration services while incarcerated for state crimes.  His petition was denied, and Judge Wolfson found that the detainer was legal and proper, and the issuance of the detainer did not warrant habeas relief.  Judge Wolfson also found that Petitioner's claims of citizenship were without merit.

Petitioner has now filed the instant motion.  He argues:

> Collateral remedy by way of 28 USC and 2255 is inadequate to challenge legality of the petitioner's deportation.  The sentencing court lacks personal and subject matter jurisdiction pertaining to a deportation matter that was lodged by the board of immigration.  The board of immigration lodged a detainer against petitioner to appear for deportation proceedings without reasonable or probable cause.  The BIA [sic].  However, failed to consider that petitioner obtained permanent residence and citizenship through his mother and step father (see attached exhibits) to determine whether deportation is applicable to this matter.  One exhibit to follow soon.

See Motion to reopen deportation case.  The motion was filed by

---

issued under any provision of this Act, . . . .").  Petitioner must raise any claims challenging his removal to the appropriate Court of Appeals.

the Court on January 22, 2007.  It appears to have been signed by Petitioner on January 8, 2007.

## DISCUSSION

**A.   Timeliness**

The Federal Rules of Civil Procedure, Rule 59(e), states, "any motion to alter or amend a judgment shall be filed not later than 10 days after the entry of the judgment."  Similarly, Local Civil Rule 7.1(i) directs, "a motion for reconsideration shall be served and filed within 10 business days after the entry of the order or judgment on the original motion by the Judge or Magistrate Judge."  Therefore, a plaintiff may move for reconsideration within ten days of the entry of judgment.

In the instant case, the Court's Order denying Petitioner's requested habeas corpus relief was entered on April 14, 2004.  The Court did not receive notice of the instant motion for reconsideration until January 22, 2007, almost three years later.  Therefore, Petitioner's motion for reconsideration must be dismissed as untimely.

**B.   Merits of Motion**

Alternatively, Petitioner's case is also subject to dismissal on its merits.  Generally, there are four basic grounds upon which a Rule 59(e) motion may be granted:  (1) to correct manifest errors of law or fact upon which the judgment was based; (2) to present newly-discovered or previously unavailable evidence; (3) to prevent manifest injustice; and (4) an

intervening change in prevailing law.  See 11 Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2810.1 (2d ed. 1995); see also Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985), cert. denied, 476 U.S. 1171 (1986)(purpose of motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence).  "To support reargument, a moving party must show that dispositive factual matters or controlling decisions of law were overlooked by the court in reaching its prior decision." Assisted Living Associates of Moorestown, L.L.C., v. Moorestown Tp, 996 F. Supp. 409, 442 (D.N.J. 1998).  However, mere disagreement with the district court's decision is inappropriate on a motion for reargument, and should be raised through the appellate process.  See id. (citing Bermingham v. Sony Corp. of America, Inc., 820 F. Supp. 834, 859 n.8 (D.N.J. 1992), aff'd, 37 F.3d 1485 (3d Cir. 1994); G-69 v. Degnan, 748 F. Supp. 274, 275 (D.N.J. 1990)).  "The Court will only entertain such a motion where the overlooked matters, if considered by the Court, might reasonably have resulted in a different conclusion." Assisted Living, 996 F. Supp. at 442.  Accordingly, a district court "has considerable discretion in deciding whether to reopen a case under Rule 59(e)."  Edward H. Bohlin, Co. v. Banning Co., Inc., 6 F.3d 350, 355 (5th Cir. 1993).

In this case, Petitioner's arguments in this motion have all been addressed in Judge Wolfson's thorough Opinion and Order,

dated April 14, 2004.  Judge Wolfson found that Petitioner's argument regarding his citizenship was without merit, and that the detainer against him was legal and proper.  Petitioner simply disagrees with Judge Wolfson's decision.  As the law cited above states, this is not a proper reason to reconsider and reopen a case; rather Petitioner could have appealed Judge Wolfson's Opinion and Order to the Court of Appeals for the Third Circuit, had he chosen to do so.

Therefore, Petitioner's motion is also subject to dismissal on the merits.

## CONCLUSION

For the reasons set forth above, Petitioner's motion must be dismissed.  An appropriate Order accompanies this Opinion.

                                    **s/ Jerome B. Simandle**
                                    JEROME B. SIMANDLE
                                    United States District Judge

DATED: **August 10, 2007**